PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Ponce in a Prosecution for Carrying Prohibited Weapons.

### No. 2155.—Decided February 5, 1924.

WEAPONS—JURISDICTION—PLEADING.—The municipal judge, and not the justice of the peace, has jurisdiction of a complaint for carrying prohibited weapons wherein it was alleged that the pistol was taken from the defendant when he was leaving the hall of the Municipal Assembly of Guánica.

ID.—EVIDENCE.—It appears from the evidence that shortly after the adjournment of the municipal assembly for the day the appellant left the hall carrying in his hand a pistol which was found in one of the corridors of the building where he had thrown it, and although it was not proved that he had it when he entered the place, yet the fact that he had it on his person when an attempt was made to take it from him, shows of itself that he had it when he went in to attend the session, for there is no evidence that he took it from somewhere inside; therefore, it follows that the evidence was sufficient to justify the judgment of conviction.

ID.—Section 2 of the Act to prohibit the carrying of arms does not exempt from liability the president of a municipal assembly who carried a prohibited weapon for offensive or defensive purposes in leaving the hall of the assembly.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged in the Municipal Court of Yauco with the offense of carrying prohibited arms. On appeal and after a trial *de novo* the District Court of Ponce sentenced him to pay a fine of $5 and from that judgment he took the present appeal, alleging that the district court erred in overruling his demurrer on the ground that the Municipal Court of Yauco was without jurisdiction of the complaint made against him, because it came under the jurisdiction of the Justice of the Peace of Guánica; and that the court also erred in weighing the evidence.

The complaint charges that the appellant, "for purposes of offense and defense, carried on his person a 32-caliber Mausser pistol loaded with nine cartridges, which was taken

from him when he was leaving the hall of the Municipal
Assembly of Guánica, P. R., where the defendant held the
position of president of the said assembly.''

According to the Act of 1905, amended in 1908, to pro-
hibit the carrying of arms (Rev. Stat. and Codes, sec. 5994
*et seq.*) the municipal courts shall have jurisdiction of the
said offense when, among other cases, any person shall go
into any place ''where people may be assembled to muster,
or perform any other public duty, or to any other public
assembly, and shall carry on or about his person any of the
arms or instruments mentioned in section 1 of this act,''
among which the pistol is included.

The complaint could have been framed more clearly, but
in any event the averment that the pistol was taken from
the appellant when he was leaving the hall of the Municipal
Assembly of Guánica may be understood as an allegation
that he was leaving a meeting of the municipal assembly,
which is a gathering of the assemblymen for the purpose of
performing a public duty, for the municipal assemblies meet
in these halls. Besides, it should be borne in mind that the
complaint was made by a policeman and not by a district
attorney.

As regards the evidence, we are of the opinion that the
trial court did not commit the error assigned in connection
therewith, for it shows that a few minutes after the adjourn-
ment of the municipal assembly for the day the appellant
left the assembly hall carrying in his hand a pistol which
was taken possession of after he had thrown it into one of
the corridors of the building, and although it was not proved
that he had it when he entered the place, yet the fact that
he had it on his person when an attempt was made to take
it from him shows that he had it when he went in to attend
the session, for there is no evidence that he took it from
somewhere inside.

The appellant's contention that he is exempt from liability

for that act because he was on private property in connection with his position of president of the Municipal Assembly of Guánica is also without merit, for although section 2 of the Act exempts from liability for carrying prohibited arms the administrators, lessees, overseers or watchmen of a farm while on the farm, as well as while within their private houses or buildings under their care or guardianship, the president of a municipal assembly has none of these functions and therefore is not included in the exemption of the statute.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.